# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Raquel FLORES, and Maria MONDRAGON )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Mainline Aviation, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No.<br><br>**Jury Trial Demanded** |

## COMPLAINT

COME NOW, Plaintiffs Raquel Flores ("Ms. Flores") and Maria Mondragon ("Ms. Mondragon"), and file this *Complaint* against Defendant Mainline Aviation, LLC ("Mainline"), for violating Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* In support thereof, Plaintiffs offer the following:

### PARTIES

1. Plaintiffs are residents of the State of Georgia.

2. Defendant is a corporation registered with the State of Georgia, with its principal office located at 3301 Windy Ridge Parkway, Suite 500, Atlanta, Georgia, 30339.

3. Defendant may be served with process by personal service on its registered agent at its principal office.

1

4. At all times relevant to his action, Defendant had more than fifteen employees and therefore is an "employer" for the purposes of Title VII. 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

6. Plaintiffs submit to the jurisdiction of this Court.

7. This Court has personal jurisdiction over Defendant, and venue is proper in this Court, because Defendant's principal place of business is located in this District and Division and because the acts and omissions described herein occurred, in part, in this District and Division.

## FACTS

8. Plaintiffs' race is Hispanic.

9. Plaintiffs' country of origin is Mexico.

10. Plaintiffs' skin color is light brown.

11. Ms. Flores began her employment with Defendant in or around May of 2021 and became a full-time employee as a kitchen assistant on or around August 1, 2021.

12. Ms. Mondragon began her employment with Defendant on or about July 20, 2021, as a kitchen assistant.

13. Throughout Plaintiffs' employment, Defendant disparately enforced various rules and policies against Plaintiffs.

14. For example, Defendant did not require all employees in Plaintiffs' department to clock out for every "break," including short "breaks" such as to use the restroom or when stepping away from their workstation to retrieve supplies from the cooler or elsewhere.

15. Defendant, however, did require Plaintiffs and their Hispanic co-workers to clock out to use the restroom or when stepping away from their workstation to retrieve supplies from the cooler or elsewhere.

16. When Plaintiffs did not clock out to use the restroom or when stepping away from their workstation to retrieve supplies from the cooler or elsewhere, Defendant disciplined them, unlike Plaintiffs' non-Hispanic co-workers.

17. Defendant similarly enforced a policy regarding the end of an employee's shift differently against Hispanic and non-Hispanic workers.

18. Defendant regularly permitted its non-Hispanic workers to clock out when their specific food-preparation assignment had been completed, even if their scheduled shift was not yet over.

19. But Defendant disciplined its Hispanic workers, including Plaintiffs, who attempted to clock out when their specific food-preparation assignment had been completed, even if their scheduled shift was not yet over.

20. On other occasions, Defendant disciplined its Hispanic workers, including Plaintiffs, for violations of policies such as the "knife policy," even when no policy violation occurred.

21. Defendant frequently disciplined Plaintiffs and other Hispanic workers for alleged infractions but did not discipline non-Hispanic workers for the same infractions.

22. Defendant has contended that Plaintiffs' grievances are due to Plaintiffs' "misunderstanding of the nature of the Mainline Aviation workplace" and lack of fluency in English.

23. Plaintiffs' primary language is Spanish.

24. Plaintiffs' English is sufficiently proficient to perform all job functions Defendant assigned them and to understand Defendant's workplace rules and policies.

25. Rather than struggle with a "language barrier," Plaintiffs generally "prospered," according to Defendant, and received various accolades such as "Employee of the Month" awards for their work while in Defendant's employment.

26. Plaintiffs did, however, complain on multiple occasions, sometimes in writing, to their supervisors and to Defendant's Human Resources Department, about Defendant's disparate enforcement of various policies

such as described above.

27. When Plaintiffs made these complaints, they were engaged in statutorily protected activity.

28. Defendant did not redress Plaintiff's complaints.

29. Defendant's only response was an "offer" to transfer Plaintiffs to another facility Defendant's parent company maintains with "more Hispanics," a lower hourly rate of pay, and a longer commute.

30. Defendant informed Ms. Flores specifically that if she did not accept the transfer, her hours would be reduced.

31. Defendant gave Plaintiffs forty-eight hours to accept the transfer.

32. Plaintiffs declined the transfer.

33. Following Plaintiffs' complaints and their refusal to accept the transfer, Defendant's misconduct became even more pervasive and directed specifically at them, singling out them and their work teams for unannounced mandatory "meetings" and requiring them on occasion to do other teams' work for no legitimate reason, among other irregular treatment.

34. On one occasion, following her complaints of discrimination and retaliation, a supervisor physically assaulted Ms. Flores while she was loading dishes into a dishwasher.

35. On October 4, 2022, Ms. Mondragon filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

36. Ms. Mondragon's EEOC charge was statutorily protected activity.

37. Two weeks to the day after Ms. Mondragon filed a charge of discrimination with the EEOC, while she was on scheduled leave, Defendant terminated her employment.

38. Ms. Flores was ultimately forced to resign in March 2023.

## ADMINISTRATIVE PROCEDURES

39. On or around August 9, 2022, Ms. Flores filed a charge with the EEOC alleging discrimination based on national origin and race, as well as retaliation, in violation of Title VII.

40. On October 4, 2022, Ms. Mondragon filed a charge with the EEOC alleging discrimination based on national origin and race, as well as retaliation, in violation of Title VII.

41. On August 23, 2023, the EEOC issued letters to each Plaintiff entitled "Determination and Notice of Rights" authorizing them each to file suit in federal court within ninety days of their receipt of such letters.

42. Plaintiffs bring this action within ninety days of their receipt of the EEOC's letters.

## LEGAL CLAIMS

## Count I – Discrimination in violation of Title VII

43. Plaintiffs incorporate all the above paragraphs as if fully set forth herein.

44. Title VII prohibits employers from discriminating against any employee with respect to the employee's "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

45. Title VII separately prohibits employers from "limit[ing], segregat[ing], or classify[ing]" employees "in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely [their] status as . . . employee[s], because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2).

46. Defendant discriminated against each Plaintiff because of their race, color, and national origin.

47. Defendant has therefore violated Title VII's prohibition on discrimination and is liable to each Plaintiff for all damages caused by Defendant's above-described violations, including lost wages, other compensatory damages including but not limited to pain and suffering, attorneys' fees, and other costs of this litigation.

### Count II – Retaliation in violation of Title VII

48. Plaintiffs incorporate all the above paragraphs as if fully set forth herein.

49. Title VII prohibits employers from retaliating against any employee who "has opposed any practice made an unlawful employment practice by this subchapter, or because [such employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

50. Plaintiffs engaged in statutorily protected activity opposing Defendant's discrimination.

51. Because of Plaintiffs' statutorily protected activity, Defendant retaliated against each Plaintiff.

52. Defendant has therefore violated Title VII's prohibition on retaliation and is liable to each Plaintiff for all damages caused by Defendant's above-described violations, including lost wages, other compensatory damages including but not limited to pain and suffering, attorneys' fees, and other costs of this litigation.

### DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by this *Complaint*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a. for judgment in their favor on the claims asserted herein;

b. for an order declaring Defendant to be in violation of the Title VII;

c. for a permanent injunction enjoining Defendant and its officers, agents, successors, employees, and those acting in concert with them from engaging in any employment practice or policy that discriminates against Plaintiffs and others similarly situated to them;

d. for an order that each Plaintiff be reinstated or, in the alternative, awarded front pay;

e. for awards of compensatory damages, assessed against Defendant, to each Plaintiff, in an amount to be determined in by the enlightened conscience of the jury;

f. for awards of punitive damages;

g. for awards of reasonable attorneys' fees and costs to each Plaintiff; and

h. for any and all other legal and equitable relief as the Court finds appropriate.

Respectfully submitted this day: November 17, 2023.

*/s/ Dan Werner*
Dan Werner
Georgia Bar No. 422070
Jake Knanishu
Georgia Bar No. 597103
Radford Scott, LLP
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
dwerner@radfordscott.com
jknanishu@radfordscott.com

*Counsel for Plaintiffs*

CERTIFICATE OF FONT

This is to certify that on November 17, 2023, I prepared the foregoing Complaint in Book Antiqua, 13-point type in accordance with L.R. 5.1(C).

/s/ Daniel Werner
Daniel Werner
Attorney for Plaintiff

11